IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVAN WILLIAMS, #50035, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 25-cv-01241-JPG ) |
| DENISE STANFORD, TONIA WART, ROBERT KELLY, CAROLINE WOODARD, and TALEAH JACKSON, | ) ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Evan Williams, a pretrial detainee at Madison County Jail, brings this action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional claims stemming from the alleged denial of medical care for fentanyl withdrawal, chronic migraines, and mental health issues beginning in January 2025. (Doc. 1). He seeks money damages and unspecified injunctive relief.[1] *Id*. The Complaint is subject to review under 28 U.S.C. § 1915A, which requires screening and dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks damages from an immune defendant. *Id*. At this stage, the factual allegations in the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] If Plaintiff requires interim injunctive relief, he may file a motion for a temporary restraining order and/or preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure at any time during the pending action. Along with the motion, Plaintiff should include an affidavit stating the exact relief he requires and summarizing the facts supporting his request for said relief.

1

## The Complaint

The Complaint sets forth the following allegations (Doc. 1, pp. 1-121): Plaintiff was detained at Madison County Jail on January 2, 2025. *Id*. at 5. During his detention, he suffered from symptoms of fentanyl withdrawal and chronic migraines. *Id*. at 4-5, 12-13, 58, 92, 99.

While suffering from withdrawal, Plaintiff experienced vomiting, profuse sweating, and watery stools. *Id*. Plaintiff defecated on himself in the presence of other inmates on three occasions. He needed suboxone[2] to manage his symptoms of withdrawal. When he requested this treatment, Denise Standford waited sixteen days to test his urine before concluding that he showed no signs of drugs in his system and thus did not qualify for drug treatment. *Id*. at 99. He made multiple pleas for treatment to the staff, including Denise Stanford, Tonia Wart, Robert Kelly, Caroline Woodard, and Taleah Jackson. They denied him treatment. *Id*. at 4, 99.

Plaintiff also suffered from chronic migraines that consisted of debilitating headaches that left him bedridden. *Id*. at 5, 13, 58. He was prescribed medication to help manage his condition, but the defendants refused to administer it. When he requested the medication from Tonia Wart, she rolled her eyes and claimed to know nothing about it. *Id*. at 12. She told him to buy aspirin at the commissary instead. *Id*. She then turned to another correctional officer and said, "I'm so sick of this block." *Id*. Caroline Woodard and Taleah Jackson responded to his requests for treatment by ignoring him or verbally abusing him. *Id*. at 13. He was eventually sent to Quantum Vision and prescribed eyedrops and glasses. *Id*. at 58. The Jail's insurance covered the cost of the appointment and prescription eyedrops, but not the eyeglasses. *Id*. Plaintiff submitted written requests for treatment with medication and eyeglasses, but the defendants denied all requests for treatment. *Id*.

---

[2] Suboxone is a medication used to treat opioid addiction.

Plaintiff was also denied adequate mental health treatment for his anxiety and depression. *Id*. at 13, 15, and 92. He asked for an appointment with a mental health provider, after realizing that his psychotropic medications (Zoloft, Effexor, and/or Hydroxyzine) were not managing his symptoms. *Id*. He waited a month to see someone. *Id*. at 99. When he finally met with Dr. Falls on or around May 10, 2025, the doctor increased the dosage of his medications. *Id*. However, the defendants would not provide the correct dosage of medication. *Id*. at 13, 15. Plaintiff repeatedly requested a medication adjustment, and Caroline Woodard eventually agreed to set up a second appointment with Dr. Falls. When the doctor met with Plaintiff, Dr. Falls explained that he did not understand why the staff refused to administer the proper dosage. Plaintiff relayed this information to Woodard, and she rolled her eyes in disbelief. *Id*.

## Discussion

The Court has reviewed the *pro se* Complaint and identified the following claims:

**Count 1:**   Fourteenth Amendment claim against Defendants for denying Plaintiff adequate treatment for substance abuse withdrawal at the Jail.

**Count 2:**   Fourteenth Amendment claim against Defendants for denying Plaintiff medication and eyeglasses for his chronic migraines at the Jail.

**Count 3:**   Fourteenth Amendment claim against Defendants for refusing to administer the proper dosage of psychotropic medication to Plaintiff even after Dr. Falls ordered it.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

The Fourteenth Amendment Due Process Clause governs all three claims of inadequate medical care brought by this pretrial detainee.[3] *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). A defendant violates the Fourteenth Amendment when: (1) the defendant acts purposefully,

---

[3] Plaintiff indicates that he was a pretrial detainee during all times relevant to this action. (Doc. 1, p. 4).

knowingly, or perhaps even recklessly when considering the consequences their actions; and (2) the defendant's actions are objectively unreasonable based on the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018). However, negligence does not support a claim in this context.

According to the Complaint, Defendants each responded to Plaintiff's serious medical needs in an objectively unreasonable manner, by denying or delaying treatment for his symptoms of withdrawal (Count 1), migraines (Count 2), and mental health issues (Count 3). In addition to the allegations summarized above, Plaintiff included detailed records of each communication with the defendants, demonstrating each individual's personal involvement in the denial of adequate medical care. (Doc. 1, pp. 1-121). At this stage, Counts 1, 2, and 3 will proceed against the individual defendants.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNTS 1, 2,** and **3** will proceed against **ALL INDIVIDUAL DEFENDANTS. Because the claims arise from allegations of inadequate medical care, the Clerk's Office is DIRECTED to ENTER the Court's standard HIPAA Qualified Protective Order.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **DENISE STANFORD, TONIA WART, ROBERT KELLY, CAROLINE WOODARD,** and **TALEAH JACKSON**, in their individual capacities only: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to

sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order</u>.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action. FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED: 10/10/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is possible that it will take 90 days or more. When the defendants have answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before the defendants' attorneys file an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.